# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SUE E. GILL, individually and on**
**behalf of all other similarly situated,**

            **Plaintiff,**

          v.

**CONVERGENT OUTSOURCING, INC.**
**And MIDLAND FUNDING LLC,**

            **Defendants.**

            **Civil Action 2:16-cv-01035**
            **Judge Michael H. Watson**
            **Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

The matter is before the Court on Defendants', Convergent Outsourcing, Inc. and Midland Funding, LLC (collectively "Defendants"), Motion to Stay Proceedings Pending Certification of Nationwide Class (ECF Nos. 29, 30), Plaintiff's Memorandum in Opposition (ECF No. 43), and Defendants' Reply in Support (ECF Nos. 37, 38), as well as Defendants' Motion to stay Class Certification Briefing Deadlines Pending Ruling on Defendants' Motion to Stay Proceedings (ECF Nos. 31, 32) Plaintiff's Memorandum in Opposition (ECF No. 35), and Defendants' Reply in Support. (ECF No. 36.) For the reasons that follow, the Court **GRANTS** Defendants' Motion to Stay (ECF Nos. 29, 30) and **DENIES** Defendants' Motion to Stay Class Certification Briefing (ECF Nos. 31, 32) as moot.

## I.    BACKGROUND

Plaintiff, Sue E. Gill, brings this putative class action against Defendants on behalf of himself and others similarly situated in Ohio for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* Plaintiff alleges that, in violation of § 1692e, Defendants

wrongly attempted to collect a time-barred debt by using a form collection letter which contained

an ineffective disclaimer.  (Pl.'s Compl. ¶¶ 20–23, ECF No. 1.)

Defendants now move to stay this action pending certification of a nationwide class in a

similar case pending in the United States District Court for the District of Colorado, *Ross v.*

*Convergent Outsourcing*, *Inc., et al.*, No. 1:16-cv-00825-PAB-KLM, that was filed on April 12,

2016, six months before Plaintiff filed her Complaint in this Court on October, 28, 2017.

## II.    LAW AND ANALYSIS

A district court has "the inherent power to stay proceedings based on its authority to

manage its docket efficiently."  *Ferrell v. Wyeth–Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S.

2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523

U.S. 866, 879 n.6 (1998)).  The district court's broad discretion "includes the power to stay a

matter . . . pending resolution of independent proceedings which bear upon the case at hand."

*Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 357219, at *1 (S.D. Ohio Aug. 13, 2012) (citing

*Deluca v. Blue Cross Blue Shield of Mich.*, No. 06-12552, 2007 WL 715304, at *1 (E.D. Mich.

March 7, 2007) (quoting *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th

Cir. 1983)).

In determining whether it is appropriate to stay litigation, the Court should consider the

following factors: "[1] the potentiality of another case having a dispositive effect on the case to

be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the

public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration."

*Michael v. Ghee*, 325 F. Supp. 2d 829, 830 (N.D. Ohio 2004) (citing *Landis v. North American*

*Co.*, 299 U.S. 248 (1936)); *see also Canter v. Calderhead, Lockenmeyer & Peschke Law Office*,

No 1:13-cv-514, 2014 WL 64155, at *1 (S.D. Ohio Jan. 8, 2014).

Defendants contend *Ross* is based on nearly identical facts and legal issues as this case. (Defs.' Mot. Stay at 4.) Defendants therefore assert that if Plaintiff's action in this Court is allowed to proceed concurrently with *Ross*, Defendants will be prejudiced by having to engage in duplicative litigation and discovery related to overlapping classes, will suffer unnecessary financial expenses, and will be subject to potential inconsistent rulings. (Defs.' Mot. Stay at 4.)

Plaintiff, in turn, opposes any stay and contends that the collection letters at issue in *Ross* and in this case are distinct, that Plaintiff will be prejudiced by the settlement in *Ross* because it is unfair, and that a stay will not promote justice or judicial economy.

## A. Dispositive Effect

Defendants contend the parties in the *Ross* have filed a motion for conditional class certification and preliminary approval of class settlement. Defendants, therefore, request a stay of this case to allow the Colorado court to resolve the merits of the proposed settlement. According to Defendants, certification of *Ross's* nationwide class will have a dispositive effect on Plaintiff's case because the nationwide class definition absorbs all class members within Plaintiff's class definition. (Defs.' Mot. Stay at 4.) Plaintiff brings her Complaint on behalf of a class of Ohio consumers defined as:

> [A]ll persons similarly situated in the State of Ohio from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a First Bank of Delaware credit card account, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this complaint to the present.

(Pl.'s Compl. ¶ 5, ECF No. 1.) In *Ross*, the plaintiff's Amended Complaint brings the action of behalf of a nationwide class defined as:

> All persons in the United States to whom Convergent sent, within one year before the filing date of the original complaint in this action, a collection letter in connection with the collection of a time-barred debt that uses the term "settlement

offer," proposes a partial payment on the debt, or requires the consumer to contact it within 45 days to obtain a discount on the debt.

(Defs.' Mot. Stay Exhibit A ¶ 57, ECF No. 30-1.)

While Plaintiff does not outright argue that her claims would not be absorbed by the *Ross* class, she does contend that *Ross* does not address all of Plaintiff's legal issues and that it does not address Defendant Midland's liability. (Pl.'s Opp. at 8.) Plaintiff, however, alleges one set of facts in her Complaint against both Defendants, which will by necessity be addressed by the proposed class. In fact, upon review, the Court concludes that on its face and if approved, the nationwide class in *Ross* will include Plaintiff's claims on behalf of herself and similarly situated Ohio residents.

Furthermore a review of the proposed settlement agreement reveals that the Colorado Court's decision whether to approve the settlement terms in *Ross* may encompass Plaintiff's claims against Midland. The proposed settlement agreement states that it "forever resolve[s], discharge[s], and settle[s] the 'Released claims,'" defined to include all known or unknown claims–expressly including FDCPA claims–which any members have against the defendants in *Ross* or those defendants "related or affiliated companies," and which "aris[e] out of facts, transactions, events, matters, occurrences, acts, or disclosures, statements, omissions, or failures to act relating to their receipt of or Convergent's sending of the Subject Letters to the Class." (Defs' Mot. Stay at 3–4 (citing *Ross*, No. 1:116-cv-825 at ECF No. 56-1 at 4, 5).)

Accordingly, because the *Ross* case may have a dispositive impact, the first factor weighs in favor of staying this case.

**B.    Judicial Economy and Public Interest**

Based on the dispositive nature of the *Ross* class, Defendant contends that Plaintiff's class action in Ohio will be moot after the class in Colorado is approved because *Ross* will

resolve the claims on a nationwide basis, including all putative Ohio class members. Defendants, therefore, assert that granting a stay will prevent duplicative work by the parties as well as avoid the risk of inconsistent rulings.

Plaintiff, however, contends the nationwide class certification and possible preliminary approval of class settlement in *Ross* will not save resources "based on the sheer inadequacy of the proposed settlement in *Ross*–which is apparent on its face, . . . *Ross* may not be approved. Thus, a stay would delay [Plaintiff's] claims for no good reason." (Pl.'s Mot. Opp. at 7.)  In response Defendants correctly point out that even if the *Ross* settlement is not approved, it remains beneficial to stay this action for a short period pending the *Ross* court's ruling.  As the District Court for the Southern District of Texas noted when staying a similar action, "[p]roceeding in this . . . case will require determining the effect of the forthcoming rulings on the nationwide class certification and settlement approval in *Ross*.  This factor weighs in favor of a short stay, pending the Colorado court's ruling." *Alexander v. Convergent Outsourcing, Inc.*, No. 4:16-cv-03318 (S.D. Tex. April 18, 2017).   Defendants also contend that furthering judicial economy also constitutes a public benefit. *See Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 Civ. 1608, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012) ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest[.]").  The Court agrees, judicial efficiency and economy are not served by duplicated classes.  Accordingly, Defendants have shown that staying this action will promote judicial economy and benefit the public.

## C.    Hardship/Prejudice to Plaintiff

Plaintiff asserts that staying this action will cause her and the Ohio putative class to suffer harm, focusing on her assertion of the proposed settlement's inadequacy. (Pl.'s Opp. at 10–11)

(claiming that the proposed settlement in *Ross* will "depriv[e] the class members of anything approaching a reasonable recovery."). To support her contentions of the settlement's inadequacy, she posits that members of the putative Ohio class "will likely only receive pennies – about $2.66 if only five percent of the nearly four million putative members . . . [enter into] the settlement" (*Id.* at 9.)

While the Court is mindful of Plaintiff's concerns, Defendants are correct in their contention that the strength and fairness of a settlement pending in the District of Colorado should be determined by the District of Colorado. *See In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4 (N.D. Cal. July 23, 2013) ("Any settlement in [the parallel case] will be subject to approval processes. The Fairness of any settlement in [the parallel case] is not an issue properly before this Court."). In fact, according to Defendants, Plaintiff has sought to intervene in *Ross* to challenge the fairness of the settlement agreement. (Defs.' Mot. Stay at 9.) Moreover, as the court in *Alexander* recognized, if Plaintiff is unsatisfied by the settlement agreement, she can opt-out and pursue an individual claim, or seek to represent others in Ohio who opt-out. 4:16-cv-03318, at *3.

Outside of the terms of the proposed settlement agreement, Plaintiff does not present other reasons that it will be harmed by a temporary stay. Accordingly, the Court concludes Plaintiff has not shown sufficient harm to constitute a basis for denying Defendants' Motion to Stay.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion to Stay Proceedings Pending Certification of a Nationwide Class is **GRANTED**. (ECF Nos. 29, 30.) This case is hereby **STAYED**. Because briefing on class certification is inherently stayed as a result of this ruling, Defendants' Motion to

Stay Class Certification Briefing Deadlines Pending Ruling on  Defendants' Motion to Stay

Proceedings is **DENIED** as moot.  (ECF Nos. 31, 32.)  The parties are **DIRECTED** to update

the Court every ninety (90) days regarding the status of the *Ross* case and any impact it may have

on whether the Court should continue or lift the stay.

    **IT IS SO ORDERED.**


Date: June 15, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE